| | | |
|---|---|---|
| SCOTT ANDERSON CORTÉS GUZMÁN<br><br>Peticionario<br><br>V.<br><br>MARIE ELISA AGOSTO RAMOS T/C/C MARIE AGOSTO RAMOS<br><br>Recurrida | KLCE202301371 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: FA2020RF00093 (203)<br><br>Sobre: FILIACIÓN - RECONOCIMIENTO VOLUNTARIO TARDÍO |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de febrero de 2024.

El peticionario, Scott Anderson Cortés Guzmán, comparece ante nos mediante un escrito intitulado *Moción de Apelación*. En el mismo, solicita que revoquemos un dictamen presuntamente emitido por el Tribunal de Primera Instancia, Sala de Fajardo, sobre relaciones paternofiliales.

Por los fundamentos que expondremos a continuación, se desestima el presente auto de *certiorari*.

### I.

El 30 de noviembre de 2023, se presentó el recurso de epígrafe. En esencia, el peticionario nos solicitó que revisáramos una determinación del foro primario sobre relaciones paternofiliales. Sin embargo, este no incluyó la fecha de la mencionada determinación, qué se concluyó en la misma, ni la razón por la que solicitó la revisión de este Tribunal.

Evaluado lo anterior, el 19 de enero de 2024, le otorgamos al peticionario un término de quince (15) días para que acreditara la notificación, Además, le ordenamos que nos proveyera copia de la

determinación recurrida, así como las mociones y documentos que no incluyó como parte del apéndice del recurso. Ello, con el fin de que nos pusiera en posición de poder revisar la referida resolución.

Al presente, el peticionario no ha cumplido con nuestra orden.

Procedemos a expresarnos a tenor con el marco jurídico aplicable a la presente causa.

**II.**

**A.**

Sabido es que todo ciudadano que prosiga una causa en alzada está en la absoluta obligación de perfeccionar su recurso según los preceptos legales y reglamentarios que le sean aplicables, de manera que provea para el cabal ejercicio de nuestras funciones de revisión. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *Arriaga v. F.S.E.*, 145 DPR 122, 129-130 (1998); *Matos v. Metropolitan Marble Corp.*, 104 DPR 122, 125 (1975). Conforme reconoce el estado de derecho vigente, el alegato y los documentos que lo acompañan constituyen los instrumentos mediante los cuales el Tribunal de Apelaciones puede aquilatar y justipreciar los argumentos de quien acude a su auxilio. *Morán v. Martí,* 165 DPR 356, 366-367 (2005). El incumplimiento de los requisitos exigidos imposibilita que el recurso se perfeccione a cabalidad, lo que redunda en privar al tribunal intermedio de autoridad para atender el asunto que se le plantea. *Íd.,* pág. 366. Es importante, además, destacar que el Tribunal Supremo ha expresado que "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales". *Febles v. Romar*, 159 DPR 714, 722 (2003).

En lo pertinente, el recurso de *certiorari* es uno de carácter extraordinario y discrecional. *800 Ponce de León Corp. v. AIG,* 205 DPR 163, 174 (2020); *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 596 (2011). Su perfeccionamiento no solo está sujeto a su oportuna presentación, pues, en virtud de ciertas disposiciones de

naturaleza reglamentaria, dicha instancia también está supeditada a la fiel observancia de ciertos requisitos de forma. *Soto Pino v. Uno Radio Group,* supra; *Matos v. Metropolitan Marble Corp.,* 104 DPR 122, 125 (1975).

En cuanto a los recursos de *certiorari,* la Regla 34(E) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 34(E), dispone que es obligatorio incluir una copia de los siguientes documentos en el correspondiente apéndice: (1) la resolución u orden cuya revisión se solicita; (2) en los casos criminales, la denuncia y la acusación, si la hubiere; (3) toda moción o escrito de cualesquiera de las partes en los que se discuta expresamente lo planteado ante el foro de instancia; (4) toda moción o escrito de las partes que acredite la interrupción del término para presentar la solicitud de *certiorari* y la notificación de la resolución u orden disponiendo de las mismas; y (5) cualquier otro documento que forme parte del expediente original ante el Tribunal de Primera Instancia y propenda a esclarecer la controversia. En defecto de que tales documentos obren en autos, el recurso habrá de reputarse como inadecuado, ello por no haber sido perfeccionado a cabalidad. Lo anterior tiene como resultado la falta de jurisdicción de este Foro para acoger los méritos de la cuestión de que trate. Véase, *Soto Pino v. Uno Radio Group,* supra;

**B.**

Por su parte, conforme dicta nuestro estado de derecho, que los tribunales de justicia deben ser celosos guardianes de su jurisdicción, estando obligados a considerar tal asunto aún en defecto de señalamiento de este. *Oficina de Ética Gubernamental v. Santini Padilla,* 209 DPR 332, 339 (2022); *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014); *Moreno González v. Coop. Ahorro Añasco,* 177 DPR 854, 859 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007). Las cuestiones relativas a la jurisdicción son de carácter privilegiado y las mismas deben

resolverse con preferencia a cualesquiera otras. *JMG Investment, Inc. v. ELA,* 203 DPR 708, 714 (2019); *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 297 (2016). La falta de jurisdicción no es susceptible de ser subsanada y, ante lo determinante de este aspecto, los tribunales pueden considerarlo, incluso, *motu proprio. MCS Advantage, Inc. v. Fossas Blanco,* 211 DPR 135, 146 (2023); *Mun. De San Sebastián v. QMC Telecom,* supra, pág. 660.

**III.**

Habiendo sido inobservadas las formalidades reglamentarias para que este recurso quedara perfeccionado, y al no haberse incluido la documentación necesaria para que pudiésemos ejercer nuestra función de revisora, corresponde desestimar el mismo.

Según reseñamos, el perfeccionamiento de un recurso de *certiorari* está subyugado a que se observen fielmente los requisitos de forma. En el presente caso, el peticionario omitió incluir en su recurso copia del dictamen a ser objeto de revisión, y un apéndice con los documentos que forman parte del expediente original, los cuales nos podían ayudar a esclarecer la presente controversia. A su vez, el señor Cortés Guzmán no planteó ni argumentó los errores que, alegadamente, cometió el tribunal de instancia.

Precisa señalar que le proveímos al recurrente un término para que presentara la documentación necesaria para perfeccionar su recurso. Sin embargo, este no cumplió con lo ordenado.

En mérito de lo anterior, resolvemos que carecemos de jurisdicción para acoger el recurso de epígrafe. Sabido es que cuando un recurso no se perfecciona a cabalidad, estamos privados de atender el asunto, lo que procede es proveer para su desestimación.

**IV**

Por los fundamentos que anteceden, se desestima el presente recurso.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez emite Voto Particular.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| SCOTT S. CORTÉS GUZMÁN<br><br>Demandante-Peticionario<br><br>V.<br><br>MARIE AGOSTO RAMOS T/C/C MARIE ELISA AGOSTO RAMOS<br><br>Demandada-Recurrida | KLCE202301371 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: FA2020RF00093<br><br>Sobre: Reconocimiento Voluntario-Filiación |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio

**VOTO PARTICULAR DE LA JUEZA GRANA MARTÍNEZ**

En *Álamo Romero v. Adm. de Corrección*, 174 DPR 314, 322 (2019), el Tribunal Supremo de Puerto Rico (TSPR) hizo unas expresiones que me motivan a escribir este voto particular. Entonces, el TSPR nos recordó, ante el planteamiento de falta de jurisdicción por presentación tardía del recurso por el confinado; "no podemos resolver el planteamiento del Estado en abstracción de la realidad de los reclusos que litigan sus causas por derecho propio. Por el contrario, debemos atender el llamado de la Ley de la Judicatura a que seamos sensibles a la realidad de los distintos componentes de nuestra sociedad." Reitero la necesidad de evitar que la aplicación automática e inflexible de los requisitos reglamentarios prive a un litigante de su derecho de acceso a los tribunales. *Álamo Romero v. Adm. de Corrección, supra*; *Gran Vista I v. Gutiérrez Santiago, et al.*, 170 DPR 174, 181 (2007). Entre otras cosas, la persona que está privada de su libertad pierde el control del manejo de su correspondencia. Y en ocasiones, el acceso a fotocopiar documentos judiciales bien sea porque no está disponible el equipo o el funcionario que se encarga del trámite en la biblioteca de la institución penal. Este preámbulo me parece pertinente, pues en esta ocasión, la mayoría desestima el recurso,

por no observar las formalidades reglamentarias para perfeccionar el mismo.[1] Específicamente, no incluyó copia del dictamen objeto de revisión; un apéndice con los documentos que forman parte del expediente original y no argumentó los errores que alegadamente cometió el foro primario.

A mi entender y, reconociendo que el señor Anderson Cortés presentó un recurso de apenas dos páginas, este solicita que el foro recurrido permita las relaciones paternofiliales con su hija. Admito que para comprender el reclamo del peticionario y, en ausencia de un apéndice, mi conclusión se fundamenta en la revisión de los documentos que obran en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), los cuales revisé *motu proprio,* en aras de comprender el reclamo del señor Anderson Cortés.[2] Así también, lo ha hecho el TSPR, quien ha tomado conocimiento de trámites procesales a través de dicho sistema.[3]

## I.

Ahora bien, precisa exponer los hechos que generan esta controversia, estos son. Como adelanté, concluyo que el peticionario solicita que revisemos una resolución en la que el Tribunal de Primera Instancia (TPI o foro recurrido) denegó la solicitud de relaciones filiales solicitada por éste. Estando confinado, el señor Cortés Guzmán instó una demanda por derecho propio contra la señora Marie Agosto Ramos. En esencia, alegó ser padre de la menor N.A.R., y solicitó un proceso de reconocimiento voluntario ante el foro primario. En síntesis, alegó estar confinado, cumpliendo una sentencia criminal impuesta el 3 de noviembre de 2019 en el Tribunal de Fajardo. No obstante,

---

[1] Resaltó que al peticionario se le concedió un término para cumplir con dichos requisitos y no subsanó la deficiencia.
[2] Véase, Voto particular emitido por el Juez Asociado señor Estrella Martínez en *In re Aprobación de enmiendas al Reglamento del Tribunal Supremo*, 2023 TSPR 24, sobre la notificación de las personas confinadas, y el acceso a los expedientes de SUMAC con los documentos en poder del tribunal.
[3] Véase, *In re Caratini Soto*, 2023 TSPR 37, nota al calce número 5.

inquirió ante el foro primario una prueba de ADN, a su vez, solicitó en el mismo litio relaciones paternofiliales. Luego de un largo trámite procesal, la prueba de ADN confirmó la paternidad del peticionario. El TPI ordenó la inscripción de la menor con los apellidos del padre y madre respectivamente, y ordenó acreditar al foro el cambio de apellidos en el certificado de nacimiento.

Así las cosas, y luego de advenida final y firme la sentencia dictada por el TPI, el 17 de diciembre de 2021,[4] el peticionario continuó radicando mociones ante el foro primario indicando que se le estaban violentando sus derechos sobre relaciones paternofiliales. Arguyó, además, que lo estaban privando del derecho de patria potestad sobre su hija. El TPI le notificó al peticionario que el presente caso (FA2020RF00093) era sobre filiación y que la sentencia había advenido final y firme. Que, a los efectos de las relaciones paternofiliales y familiares con la menor, el peticionario tenía que instar un pleito independiente.[5] No obstante lo anterior, el señor Cortés Guzmán continuó radicando mociones solicitando los mismos remedios. El foro recurrido le instruyó nuevamente: [...] "sepa el Sr. Cortéz (sic) Guzmán que una vez salga de la institución penal podrá presentar las causas de acción que entienda pertinentes con relación a la patria potestad y otros asuntos, y el Tribunal las atenderá debidamente".[6]

Cabe destacar que el señor Cortés Guzmán se encuentra actualmente extinguiendo sentencia por varios cargos en su contra. Según surge del expediente, el mismo había renunciado a tener relaciones paternofiliales con la menor para "que la menor no venga a la cárcel".[7] No obstante, solicitó que se le enviaran fotos cada dos meses y le permitieran tener comunicación para saber del

---

[4] Enmendada el 2 de febrero de 2022.
[5] Determinación de 28 de enero de 2022 por la Hon. Juez Laura Martínez Rivera.
[6] Determinación de 25 de octubre de 2022 por el Hon. Juez Obdulio E. Meléndez Torra.
[7] Asiento en SUMAC #110.

estado de la menor. Solicitó por medio de la misma moción, "abrir" el caso lo antes posible.[8]

Actualmente, el señor Cortés Guzmán continúa confinado. La madre de la menor posee la custodia legal y monoparental de la menor N.C.A. A su vez, el TPI le concedió autoridad suficiente para consentir tratamiento médico o de salud. La autorizó a gestionar cualquier asunto escolar y educativo para el beneficio de la menor N.C.A. y advirtió que no estaba autorizada a trasladar a la menor fuera de la jurisdicción, sin autorización judicial. El TPI finalizó dicha sentencia indicando que las relaciones paternofiliales se mantendrán suspendidas por razón del confinamiento del señor Cortés Guzmán.[9]

Inconforme con las órdenes del TPI, el peticionario acude ante este Tribunal solicitando que se dicten las relaciones paternofiliales entre él y su hija.

**II.**

El Tribunal Supremo de Puerto Rico ha expresado que "los menores de edad no son meras criaturas del Estado; por ende, la relación entre padres e hijos está protegida constitucionalmente y se ha establecido que los padres tienen derecho a decidir sobre el cuido, la custodia y el control de los hijos". *Rexach v. Ramírez,* 162 DPR 130, 146 (2004). En *Torres, Ex Parte,* 118 DPR 469, 477 (1987), el Tribunal Supremo de Puerto Rico definió la custodia como "la tenencia o control físico que tiene un progenitor sobre sus hijos". Además, explicó que la custodia es un componente de la patria potestad, pues esta impone a los padres el deber primario de tener a sus hijos no emancipados en su compañía. *Íd.*, pág. 476.

Ahora bien, ningún derecho fundamental es absoluto, por ello, "los derechos de los padres pueden limitarse con el propósito

---

[8] *Íd.*
[9] Sentencia emitida por la Hon. Juez Laura Martínez Rivera, 17 de diciembre de 2021, enmendada el 2 de febrero de 2022.

de proteger un interés apremiante del Estado, como lo es [el] bienestar de los menores". *Muñoz Sánchez v. Báez De Jesús,* 195 DPR 645, 651 (2016); *Rexach v. Ramírez, supra,* pág. 147. Así, por ejemplo, el Estado, en su función *parens patriae*, puede privar, suspender o restringir la custodia y patria potestad de los hijos, cuando estos no puedan satisfacer las necesidades de los menores. Íd. La función *parens patriae* del Estado, la cual fue delegada a los tribunales, se ejerce determinando a quién le corresponde la custodia del menor. *Pena v. Pena,* 164 DPR 949, 959 (2005). Dicha determinación debe estar "precedida de un análisis objetivo y sereno de todos los hechos que rodean la controversia ante la consideración del magistrado" y "tiene como norte, exclusivamente, garantizar y proteger el mejor interés y bienestar de ese menor". *Íd.*; *Santana Medrano v. Acevedo Osorio,* 116 DPR 298, 301 (1985).

En ese contexto, el Tribunal Supremo de Puerto Rico ha expresado que los tribunales que dilucidan la custodia o patria potestad de un menor no pueden actuar livianamente. *Pena v. Pena, supra,* pág. 959. Por consiguiente, **los tribunales deben contar con la información más completa y variada posible para resolver correctamente.** (Énfasis nuestro). *Íd.*

Por otro lado, el Código Civil de Puerto Rico, Ley Núm. 55-2020, 31 LPRA sec. 7311, dispone en su Art. 611 las causas de suspensión de la patria potestad:

El ejercicio de la patria potestad se suspende por:

(a) la incapacidad o la ausencia declaradas judicialmente;

(b) el estado de enfermedad transitorio, si por ello el progenitor no puede ejercer efectivamente sus deberes y facultades respecto al hijo;

**(c) la condena y encarcelación por delitos que no conllevan la privación irreversible de ella; o**
(d) cualquier causa involuntaria que amenace la integridad física y emocional del hijo.

(Énfasis suplido).

A su vez, podemos observar el Art. 613 del Código Civil, *supra*:

Artículo 613. — Efectos de la suspensión. (31 LPRA § 7313)

El progenitor a quien se suspende la patria potestad pierde, mientras dura la suspensión, el derecho a tomar las decisiones sobre la persona y los bienes de su hijo que haya determinado el tribunal. **Sin embargo, retiene el derecho a relacionarse con él en las condiciones que le reconoce este Código, así como la obligación de alimentarlo y de velar por su bienestar.** (Énfasis nuestro).

Según el Art. 615, donde se exponen las Causas de Privación, destacamos:

El progenitor puede ser privado de la patria potestad por las siguientes causas:

a)     causar daño, o poner en riesgo sustancial de sufrir daño o perjuicio predecible, a la salud física, mental o emocional del menor;

b)     permitir o tolerar que otra persona incurra en la causal del inciso (a) de este artículo;

c)     faltar a los deberes o dejar de ejercer las facultades de la patria potestad dispuestas en este Código;

d)     faltar al deber de supervisión y cuidado del menor que se encuentra bajo la custodia de jure o de facto de otra persona:

(1) si teniendo la capacidad y los medios para hacerlo, no ha asumido el cuidado y la custodia del menor en su propio hogar;
(2) si no ha aportado una cantidad razonable para la manutención del menor, según su capacidad económica; o
(3) si no visita al menor o no mantiene contacto o comunicación regularmente con el menor o la persona que tiene su custodia de jure o de facto. Se excluyen de lo anteriormente dispuesto las personas que, por solo estar recluidas en una institución penal o de salud o por residir fuera de Puerto Rico, están impedidas de hacerlo, sin perjuicio de lo dispuesto en los incisos (c) y (f) de este artículo.

e) incurrir en el abandono voluntario del menor, sin causa justificada y donde se requiera la intervención de cualquier agencia estatal o municipal, o del tribunal, o de cualquier otra

persona, porque haya dejado de cumplir su obligación de padre o madre. Se presume el abandono cuando el menor es hallado en circunstancias que hacen imposible conocer la identidad de sus progenitores o cuando, conociéndose su identidad, se ignora su paradero a pesar de las gestiones realizadas para localizarlos y dichos progenitores no reclaman al menor dentro de los treinta (30) días siguientes a haberse hallado al menor;

f) explotar al menor obligándolo a realizar cualquier acto con el fin de lucrarse o de recibir algún otro beneficio;

g) no cumplir con el plan de servicios para reintegrar un menor a su hogar, efectivamente ofrecido y brindado por la agencia estatal encargada de la protección de menores, o por otra persona designada por dicha agencia, para progenitores de menores que el Estado ha tenido que privar de la custodia de jure o de facto. Para privar a una persona de la patria potestad al amparo de este inciso, el tribunal deberá determinar que las condiciones que llevaron a la separación del menor del hogar de sus progenitores subsisten o existen condiciones similares que representan un serio riesgo para el bienestar del menor;

h) incurrir en conducta que, de procesarse por la vía criminal, constituiría los delitos que se enumeran a continuación:

   1) maltrato y negligencia a menores;
   **2) asesinato, homicidio u homicidio involuntario y la tentativa de estos, según estatuidos en el Código Penal de Puerto Rico;**
   3) delitos contra la integridad corporal, según estatuidos en el Código Penal de Puerto Rico;
   4) incumplimiento de la obligación alimentaria, según estatuido en el Código Penal de Puerto Rico;
   5) abandono de menores, según estatuido en el Código Penal de Puerto Rico;
   6) secuestro de menores y secuestro agravado, según estatuidos en el Código Penal de Puerto Rico;
   7) privación ilegal de custodia, según estatuido en el Código Penal de Puerto Rico;
   8) adopción a cambio de dinero, según estatuido en el Código Penal de Puerto Rico;
   9) corrupción de menores, según estatuido en el Código Penal de Puerto Rico;
   10) seducción de menores a través de la Internet o medios electrónicos, según estatuido en el Código Penal de Puerto Rico;
   11) agresión sexual, según estatuido en el Código Penal de Puerto Rico;
   12) incesto, según estatuido en el Código Penal de Puerto Rico;

13) actos lascivos, según se establece en el Código Penal de Puerto Rico;

14) exposiciones obscenas, según se establece en el Código Penal de Puerto Rico;

15) proxenetismo, rufianismo y comercio de personas agravado, según se establece en el Código Penal de Puerto Rico;

16) obscenidad y pornografía infantil, según se establece en el Código Penal de Puerto Rico;

17) restricción a la libertad en cualquiera de sus modalidades según se establece en el Código Penal de Puerto Rico; o

18) maltrato, maltrato agravado, maltrato mediante amenaza, maltrato mediante restricción de la libertad, y la agresión sexual conyugal, según dispuesto en la ley especial de prevención contra la violencia doméstica.

Ninguna determinación de un tribunal al amparo de este inciso afectará un proceso criminal subsiguiente por los mismos hechos.

**i) haber sido convicto por alguno de los delitos enumerados anteriormente.**

31 LPRA sec. 7322. (Énfasis nuestro).

### III

El señor Cortés Guzmán recurre ante este foro alegando la privación de su derecho de ejercer relaciones paternofiliales con su hija. No empero, es necesario puntualizar los siguientes señalamientos: (1) la sentencia dictada por el TPI advino final y firme y no se solicitó reconsideración ni apelación de esta; (2) el señor Cortés Guzmán había instalado un pleito de filiación, no de solicitud de relaciones paternofiliales; (3) la patria potestad del señor Cortés Guzmán no está privada, sino suspendida por su confinamiento.

Ahora bien, por otro lado, el Art. 613 del Código Civil, *supra*, especifica que […] "[s]in embargo, retiene el derecho a relacionarse con él en las condiciones que le reconoce este Código, así como la obligación de alimentarlo y de velar por su bienestar". (Subrayado nuestro). Es decir, la suspensión opera en *numerus apertus*. Existen alternativas para las relaciones paternofiliales, tomando en consideración la realidad del confinamiento que el peticionario

reconoce y que el mismo aceptó al no querer que la menor tuviera que visitar la institución penal. Algunos ejemplos de estas serían llamadas o videollamadas, fotografías, cartas o mensajería, entre otras, que no expongan a la menor N.C.A. a visitar las instalaciones donde está recluido el señor Cortés Guzmán y le permitan a este relacionarse de alguna manera con su hija. Esto tomando en consideración que el señor Cortés Guzmán ha batallado para que se reconozca a la menor como su hija e incluso ha solicitado al Departamento de Corrección que se le asigne trabajo con remuneración para poder asumir la capacidad de alimentar.[10] Ciertamente demuestra un grado de responsabilidad paternal que no debe ser ignorado del todo. No obstante, el peticionario debe entender que, tal como resolvió el TPI, este caso no es el medio adecuado para hacer su solicitud. Lo adecuado es solicitar los remedios en un nuevo litigio.

En San Juan, Puerto Rico, a 23 de febrero de 2024.

Grace M. Grana Martínez
Jueza del Tribunal de Apelaciones

---

[10] Asiento en SUMAC #110.